```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON HOLMES,

                          Plaintiff,          09-CV-6568T

             v.                               **DECISION**
                                              **and ORDER**
STATE OF NEW YORK, NEW YORK STATE
POLICE DEPARTMENT, TROOPER HANSEL
and JOHN DOE OFFICERS, in their Individual and
Official capacities,


                          Defendants

_____
```

INTRODUCTION

Plaintiff Jason Holmes ("Holmes") brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated by defendants the State of New York, the New York State Police Department, Trooper Hansel[1] ("Hanssel"), and John Doe Officers, in connection with his detention on June 20, 2008. Specifically, the plaintiff alleges that he was subjected to excessive use of force when he was detained by unknown officers and questioned by Officer Hanssel in connection with an emergency call that he placed to "911". Holmes claims that despite posing no threat to any of the officers, and despite being the person reporting the crime,

---

[1] According to defendant Hanssel, her name is spelled "Hanssel" as opposed to "Hansel" as set forth in the above caption and Complaint.

officers drew their guns on him, handcuffed him, and held a gun to his head while he was handcuffed.

Defendants State of New York and the New York State Police Department move to dismiss plaintiff's Complaint against them on grounds that they are immune from plaintiff's claims pursuant to sovereign immunity granted to the State under the Eleventh Amendment to the United States Constitution. Plaintiff concedes that theses defendants are immune from suit under the Eleventh Amendment, and withdraws his claims against those defendants. Because the claims are withdrawn against the defendants State of New York and the New York State Police Department, I deny their motion to dismiss as moot.

Defendant Hanssel moves to dismiss plaintiff's Complaint on grounds that the Complaint fails to state a claim against her. For the reasons set forth below, I grant defendant's motion to dismiss without prejudice.

## BACKGROUND

According to the Complaint, on June 28, 2008, plaintiff Jason Holmes called "911" to report a crime. The Complaint does not identify the nature of the crime. According to the plaintiff, in response to his call, an unidentified New York State Trooper came to his home to investigate. Plaintiff claims that after he was briefly and incompletely questioned, the trooper drew his gun on the plaintiff, handcuffed him, frisked him, and violently placed

him in the back seat of a police cruiser. Plaintiff, who according to the Complaint suffers from a brain injury, claims that the officer called him a "retard" and an "asshole." Holmes claims that once he was placed in the police vehicle, the officer cocked his gun and held it to plaintiff's chin, and erased several phone numbers stored in the plaintiff's cell phone. Plaintiff alleges that once the unidentified officer left the police car, defendant Hanssel began to question him, and told him that "things were not adding up." He was then told that he was being let go, and was told to report to police headquarters the following week to take a lie detector test. He was further told that if he didn't show up, a warrant would be issued for his arrest.

## DISCUSSION

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

Hanssel moves to dismiss plaintiff's claims on grounds that the Complaint fails to state a cause of action against her. Specifically, she claims that the Complaint fails to allege that she subjected Holmes to undue force, or failed to prevent undue force from being used against him. Plaintiff contends that he has adequately alleged that Hanssel failed to intervene to prevent him from being subjected to undue force.

To state a claim for excessive use of force, a plaintiff must establish that the force used against him was excessive, and was not reasonable under the circumstances. See Landy v. Irizarry, 884 F.Supp. 788, 797 (S.D.N.Y. 1995)(stating that excessive use of

force claims are properly analyzed under the Fourth Amendment's objective reasonableness standard)(quoting Graham v. Connor, 490 U.S. 386, 388 (1989)). "[T]he determination of whether a particular use of force was objectively reasonable requires 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Landy, 884 F.Supp. at 797 (citing Graham, 490 U.S. at 396). A plaintiff may also state a claim for excessive use of force by alleging that a defendant police officer, with knowledge that excessive force was being used or about to be used against a victim, failed to intervene to stop or prevent excessive use of force. Kornegay v. New York, 677 F.Supp.2d 653, 658 (W.D.N.Y., 2010)(Larimer, J.)

In the instant case, plaintiff's Complaint fails to allege that Hanssel used excessive force against him, or had knowledge that excessive force was being used against him. Indeed, the Complaint contains only two factual averments relating to Hanssel. First, plaintiff alleges that Hanssel questioned him in a police vehicle. See Complaint at ¶ 30. Plaintiff then alleges that Hanssel told him that his story wasn't "adding-up." See Complaint at ¶ 31. These allegations fail to allege that Officer Hanssel

either used undue force against the plaintiff, or failed to prevent undue force against him.

Plaintiff alleges in his opposition to defendant's motion that his claim against Hanssel should go forward because "[d]efendant Hanssel's decision to use the threat of deadly force was not objectively reasonable and was not based on probable cause . . . ." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at p. 6 (hereinafter "opposition Memorandum"). The Complaint, however, lacks any allegation that Hanssel used any threat of deadly force. Rather, as stated above, there are only two allegations related to Hanssel, neither one of which alleges the threat of deadly force.

Plaintiff further argues that he has adequately alleged that Hanssel failed to intervene to stop the use of excessive force against him by claiming that Hanssel questioned him while he was being held at gunpoint in a trooper's vehicle. A careful reading of the Complaint, however, reveals that the police officer who allegedly held the gun to plaintiff's head left the vehicle and re-entered the residence prior to Hanssel's questioning of the plaintiff. See Complaint at ¶¶ 25, 29, 30. Accordingly, I find that plaintiff has failed to sufficiently allege that defendant

Hanssel was aware that excessive force had been or was being used against the plaintiff.[2]

CONCLUSION

For the reasons set forth above, I grant defendant Hanssel's motion to dismiss without prejudice. I deny defendants New York State and the New York State Police Department's motions to dismiss as moot, on grounds that plaintiff has withdrawn his claims against those parties. I note also that no motion to dismiss was brought on behalf of the John Doe defendants.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         May 19, 2010

---

[2] I note that Officer Hanssel is described as a male officer in the Complaint and plaintiff's Opposition to Defendants' Motion to dismiss yet is identified as a female officer in the defendants' motion. See Complaint at ¶ 12, Opposition Memorandum at p. 2 ("Trooper Hansel [sic] is also an individual male"); Defendants' Memorandum in Support of their Motion to Dismiss at pp. 1, 3 ("Trooper Hanssel reserves her right to contest the service that was made to her") Plaintiff is encouraged to investigate this discrepancy should he decide to file an Amended Complaint.